# BONNER KIERNAN
## BONNER KIERNAN TREBACH & CROCIATA LLP

1233 20th Street, NW • 8th Floor • Washington, DC 20036 • Telephone: (202) 712-7000 • Facsimile: (202) 712-7100

www.bonnerkiernan.com

August 13, 2019

**Via Electronic Case Filing**

The Honorable Charles B. Day
U.S. District Court for the District of Maryland
Southern Division
6500 Cherrywood Lane
Greenbelt, MD 20770

      Re:    *Easley v. Washington Metropolitan Area Transit Authority*
              Civil Action No. 8:18-cv-03456
              U.S.D.C. for the District of Maryland - Southern Division

Dear Judge Day:

      Please allow the following letter to serve as defendant, Washington Metropolitan Area Transit Authority's (hereafter "WMATA") brief letter being outlining WMATA's position with respect to the August 14, 2019 pre-motion telephone conference with Your Honor. This issue concerns Plaintiff's failure to produce an expert report from her toxicologist, Dr. Yale Caplan.

      On April 17, 2019, Plaintiff Barbara Easley filed her Designation of Experts pursuant to Rule 26(A)(2).[1] (*See attached*). In her designation, Plaintiff identifies toxicologist Yale H. Caplan, Ph.D as an expert witness. In the designation, Plaintiff states that "in order for the expert to submit a complete report, it is necessary to take the deposition of the driver, Carolyn Skipwith, to determine when she ingested the marijuana and the quantity ingested." *See* Plaintiff's Designation at 3. As of the date of this correspondence, Plaintiff has not provided an expert report from Dr. Caplan. In the meantime, WMATA has been prejudiced in its inability to properly prepare for trial – namely, obtain Dr. Caplan's opinions, prepare its own defenses and designate a rebuttal toxicologist.

      Pursuant to Fed. R. Civ. P. 26(a)(3)(B):

---

[1] The deadline for Plaintiff to file her Expert Designation was April 17, 2019. WMATA's deadline was May 17, 2019; however, the Court modified the Scheduling Order and extended WMATA's deadline to July 16, 2019. WMATA filed an initial Expert Disclosure on May 17, 2019 and a Supplemental Disclosure on July 16, 2019. WMATA has not had the opportunity to designate a toxicologist to rebut Dr. Caplan's opinions, because Plaintiff has not produced an expert report from Dr. Caplan.

>   Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by **a written report—prepared and signed by the witness**—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

(emphasis added.)

While Plaintiff provides the conclusory statement that Dr. Caplan is a "non-retained expert," it is clear that Dr. Caplan was retained "to provide expert testimony in the case." Indeed, Plaintiff's Designation states that "it is anticipated that Dr. Caplan, based upon his knowledge, training, and experience, will testify that . . . ." *See* Ex. A at 4.

Dr. Caplan's report was due nearly three months ago, on April 17, 2019. Counsel for WMATA has been flexible and even suggested that the Parties file a joint motion to push dates back further, allowing Dr. Caplan to produce the report. Plaintiff has been non-responsive to this request. *See* attached emails. As such, WMATA is seeking an order either compelling Dr. Caplan to produce a report by a date certain or striking Dr. Caplan as Plaintiff's toxicology expert.

WMATA looks forward to speaking with Your Honor on August 14, 2019 and hopes to resolve this issue without the need for formal motion practice. WMATA appreciates the Court's assistance in this matter.

Sincerely,

Andrew S. Bassan, Esq.
*Attorney for Defendant WMATA*

cc: all counsel of record.

**BONNER KIERNAN**
BONNER KIERNAN TREBACH & CROCIATA LLP